IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN FOWLIE,

      Petitioner,                    No. CIV S-09-2857 GGH P

    vs.

JOHN W. HAVILAND, et al.,

      Respondents.                ORDER &
                                                  FINDINGS AND RECOMMENDATIONS

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C § 2254. For the following reasons, the court recommends that this action be dismissed as moot.

        Petitioner challenges a 2008 parole suitability hearing where he was found unsuitable for parole by the Board of Parole Hearings (BPH). Petitioner also states that he was found suitable for parole at his September 2009 suitability hearing. Because petitioner was found suitable for parole, it is unclear what relief the court could order regarding the 2008 suitability hearing. For that reason, on December 8, 2009, the court ordered petitioner to file a short declaration concerning what relief he seeks regarding the 2008 suitability hearing. Petitioner was also ordered to address why this action should not be dismissed as moot.

\\\\\

On December 29, 2009, petitioner filed a declaration stating that were the court to find that he should have been found suitable at the 2008 hearing, he would be entitled to additional credits that could potentially result in an earlier parole discharge from parole. Petitioner also stated that it was likely that the Governor would reverse the 2009 decision finding him unsuitable for parole. On February 22, 2010, petitioner filed a pleading stating that the Governor has since reversed the 2009 parole suitability decision.

A case or controversy must exist throughout all stages of litigation. Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citing Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)) (holding that a former prisoner's release from prison rendered his habeas petition moot because there was no longer a case or controversy as required by Article III, § 2 of the Constitution). If at any time during the course of litigation a plaintiff ceases to suffer, or be threatened with, "an actual injury [that is] traceable to the defendant," and that is "likely to be redressed by a favorable judicial decision," the matter is moot. Spencer, 523 U.S. at 7; Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003) (the court lacks jurisdiction to hear moot cases under Article III); see also Johnson v. Moore, 948 F.2d 517, 522 (9th Cir. 1991) (holding that when a prisoner seeking injunctive relief from a certain prison's regulations ceases to be housed in that facility, the case or controversy ceases to exist and the matter is moot).

An exception to the mootness doctrine applies to claims that are "capable of repetition, yet evading review." Spencer, 523 U.S. at 17. To invoke this exception, a plaintiff must make two showings: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration; and (2) there [is] a reasonable expectation that the same complaining party will be subjected to the same action again." First Nat'l Bank of Boston v. Bellotti, 435 U.S. 765, 774 (1978) (citation omitted); see also Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). "A mere speculative possibility of repetition is not sufficient. There must be a cognizable danger, a reasonable expectation, of recurrence for the repetition branch of the mootness exception to be satisfied." Williams v. Alioto, 549 F.2d 136, 143 (9th Cir. 1977).

1  In the instant case, petitioner seeks relief regarding the 2008 BPH decision
2  denying him parole.  Assuming arguendo that the court granted relief on this case regarding the
3  2008 BPH decision and remanded for a new hearing or even granted parole eligibility at this
4  level, this relief would not differ from the 2009 BPH decision that granted parole eligibility.  The
5  relief that plaintiff seeks has been granted.
6  While plaintiff takes issue with the Governor's decision to reverse the 2009 BPH
7  decision, that is not before the court in the instant petition.  If the court were to grant relief on the
8  instant 2008 BPH decision, the Governor would still retain the ability to reverse the grant of
9  parole.  This court would not be in the position to substitute itself in place of the Governor who
10  never made a decision on the 2008 BPH denial.  It almost goes without saying that if the
11  Governor denied parole eligibility in 2009, he would certainly do so for any favorable BPH/court
12  favorable ruling for 2008.   Thus, this court could grant no effective relief and the petition moot.
13  Nor does this case belong in the exception to the mootness doctrine of being
14  capable of repetition, yet evading review, as petitioner has the ability to file a petition regarding
15  the governor's decision.
16  Accordingly IT IS HEREBY ORDERED that the Clerk of the Court assign a
17  District Judge for this case.
18  IT IS HEREBY RECOMMENDED that petitioner's application for a writ of
19  habeas corpus be denied.
20  If petitioner files objections, he shall also address if a certificate of appealability
21  should issue and, if so, as to which issues.  A certificate of appealability may issue under 28
22  U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
23  constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate
24  which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).
25  These findings and recommendations are submitted to the United States District
26  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

1  one days after being served with these findings and recommendations, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
4  shall be served and filed within fourteen days after service of the objections.  The parties are
5  advised that failure to file objections within the specified time may waive the right to appeal the
6  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

7  DATED: July 9, 2010

                                    /s/ Gregory G. Hollows
                                    _____
                                    UNITED STATES MAGISTRATE JUDGE

GGH: AB
fow2857.dis